UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00579-FDW

| ROBERT JAMES JOHNSON, JR., | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | **ORDER** |
| ERIK A. HOOKS,[1] | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon Petitioner Robert James Johnson, Jr.'s pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

I.   BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on July 22, 2003, was convicted by a Mecklenburg County jury of two counts of first-degree murder, two counts of attempted robbery with a dangerous weapon, and one count of possession of a firearm by a felon. State v. Johnson, 615 S.E.2d 435, 2005 WL 1572135, at *2 (N.C. Ct. App. 2005) (unpublished). The trial court consolidated the first-degree murder convictions into a single judgment and sentenced defendant to life imprisonment without parole. Id. The court entered consecutive sentences of 120 to 153 months each for the remaining crimes. Id. Judgment was entered on July 24, 2003. Id. at *1.

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition for writ of habeas corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, is the proper respondent in this habeas action.

1

Judgment was affirmed by the North Carolina Court of Appeals in an unpublished opinion issued on July 5, 2005. Id. at *6. Petitioner's petition for discretionary review of the Court of Appeals' opinion was denied by the North Carolina Supreme Court on October 6, 2005. State v. Johnson, 622 S.E.2d 501 (N.C. 2005) (Mem). According to Petitioner, he did not seek certiorari review in the United States Supreme Court. (§ 2254 Pet. 2, Doc. No. 1.)

Petitioner also has not sought collateral post-conviction relief by way of a motion for appropriate relief in the state courts, see N.C. Gen. Stat. §§ 15A-1411-1422. (§ 2254 Pet. 3, 5.) He filed the instant habeas Petition on September 27, 2017, when he placed it in the prison mailing system. See Houston v. Lack, 487 U.S. 266, 267 (1988). Petitioner raises one ground for relief: that he has been denied equal protection and due process by the state's failure to keep an historical record of his trial in accordance with N.C. Gen. Stat. § 7A-109. (§ 2254 Pet. 5.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of

limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on or about January 4, 2006, 90 days after the North Carolina Supreme Court denied his petition for discretionary review, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari); Clay v. United States, 537 U.S. 522, 527 (2003). The statute of limitations then ran for 365 days until it fully expired on or about January 4, 2007, more than a decade before Petitioner filed the instant habeas Petition. Consequently, the petition is time-barred under § 2244(d)(1)(A) unless Petitioner can demonstrate that statutory or equitable tolling should apply.

The only statutory tolling provision relevant here is § 2244(d)(1)(D), which provides that the statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In explaining why the instant habeas Petition should not be barred by the statute of limitations, Petitioner asserts

3

that "'to the best of [his] knowledge,' the court record of [his] trial transcript was lost or disposed of shortly after direct appeal . . . before [he] was given fair opportunity to file a Petition for Writ of Habeas Corpus in U.S. District Court within the required 12 month statute of limitation after the conclusion of direct appeal." (§ 2254 Pet. 13.) Petitioner does not state when he learned that his transcript had been lost or discarded, although it clearly was not in the 12 months after his judgment became final. However, an attachment to the habeas Petition indicates he learned only within the last year that copies of the transcript no longer exist.

In support of his sole claim, Petitioner has filed a letter from an attorney who evaluated Petitioner's case after he sought appointment of post-conviction counsel. (Letter from Mark Montgomery, Doc. No. 1 at 14-15.) The attorney states that "no copies of the [trial] transcript exist." (Let. 14.) Nothing in the letter indicates when Petitioner requested appointment of post-conviction counsel, but the letter itself is dated December 1, 2016. (Let. 14.) While it is possible that it took years to review Petitioner's request, it is not probable. It is more likely that Petitioner did not seek appointment of post-conviction counsel until sometime in 2015 or 2016.

Regardless, under § 2244(d)(1)(D), the statute of limitations begins to run on the date on which the factual predicate "*could have been discovered* through the exercise of due diligence." Id. (emphasis added). The attorney discovered that no copies of the transcript exist after contacting the court reporter from Petitioner's trial, Petitioner's trial and appellate attorneys, the Clerk of Court, and the Court of Appeals. (Let. 14.) It stands to reason that Petitioner could have discovered the same information long before 2016 by contacting some, or all, of those sources. That is especially true given Petitioner's belief that the transcript was lost or destroyed shortly after the conclusion of direct appeal in 2006. In short, it is reasonable to assume that through the exercise of due diligence, Petitioner could have discovered before December 2016,

4

that copies of the trial transcript no longer exist. Accordingly, the Petition is not timely under § 2244(d)(1)(D).

As for equitable tolling, Petitioner is required to show that "he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

As demonstrated, nothing before the Court indicates that Petitioner has been pursuing his rights diligently in the years since his judgment became final. Moreover, Petitioner fails to explain how the loss or destruction of his trial transcript constitutes an extraordinary circumstance that prevented him from filing a timely § 2254 habeas petition. If nothing else, he could have timely filed a petition challenging the state appellate court's adjudication of the claims raised on direct appeal. Excerpts from the trial transcript were filed with his state appellate brief. (Def.-Appellant's Br., Doc. No. 1 at 55.) Petitioner, therefore, is not entitled to equitable tolling of the statute of limitations.

**B. Non-cognizable Claim**

In addition to being untimely, the Petition raises a claim that is not cognizable on federal habeas review. Petitioner claims that the state has violated his federal constitutional rights by failing to keep an historical record of his trial as required by state law. (§ 2254 Pet. 5.) He asserts that beyond direct appeal, he has not been able to challenge his criminal judgment

5

because of the absence of a trial record. (§ 2254 Pet. 5.) By "trial record" the Court presumes Petitioner is referring only to the trial transcript as he does not contend that any other part of his trial record is missing or has been destroyed.

A federal court may grant "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254. In other words, relief is available under § 2254 only if the prisoner is in custody pursuant to a state judgment that is invalid under the Constitution, laws, or treaties of the United States. Petitioner challenges his custody based on the post-appeal loss or destruction of his trial transcript; his claim does not challenge the validity of the judgment itself. Accordingly, his claim is not cognizable under § 2254.

Furthermore, "[v]iolations of state law may not form the basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Rose v. Hodges, 423 U.S. 19, 21-22 (1975) (per curiam)). Petitioner's claim is based upon an alleged violation of N.C. Gen. Stat. § 7A-109, which requires that each clerk of superior court "maintain such records, files, dockets and indexes as are prescribed by rules of the Director of the Administrative Office of the Courts." Id. Whether a clerk of superior court is required under § 7A-109 to retain copies of trial transcripts as part of the record of a criminal case is a matter of state law, not federal constitutional law. Thus, even if Petitioner is correct that § 7A-109 requires retention of trial transcripts, he may not obtain relief for a violation of that statute through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## IV. CONCLUSION

The Petition is untimely under § 2244(d)(A), (D), and equitable tolling does not apply. Additionally, the Petition raises a single claim that is not cognizable on federal habeas review. The Court concludes that the Petition should be dismissed on both grounds.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** for the reasons stated herein;

2. The Clerk of Court shall substitute Erik A. Hooks for Roy Cooper as Respondent in this action; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 27,

Frank D. Whitney
Chief United States District Judge